UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES OGLESBY, | ) |
| Plaintiff, | ) No. 3:17-cv-00509 |
| | ) Judge Trauger |
| v. | ) |
| UNITED PARCEL SERVICE, | ) |
| Defendant. | ) |

**O R D E R**

The plaintiff, proceeding *pro se*, is a resident of Nashville, Tennessee. He brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq*. against his former employer, United Parcel Service. (Docket No. 1). The plaintiff also has submitted an application to proceed *in forma pauperis*. (Docket Nos. 2 and 9).

It appears from the application that the Plaintiff lacks sufficient financial resources from which to pay the civil filing fee. Accordingly, the Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. 28 U.S.C. § 1915(a). However, process shall **NOT** issue.

By order entered on April 19, 2017, the court directed the plaintiff to file, within fourteen (14) days of the date he received the court's order, a copy of the right-to-sue notice issued to him by either the Equal Employment Opportunity Commission (EEOC) or the Tennessee Human Rights Commission (THRC). (Docket No. 5). Although the plaintiff subsequently filed a letter with the court (Docket No. 8), he failed to address whether he had pursued or received a right-to-sue notice from the EEOC or THRC.

1

Taking into account the plaintiff's *pro se* status, the court then extended the time for the plaintiff's compliance and ordered the plaintiff to file a copy of the right-to-sue notice issued to him by either the EEOC or the THRC within fourteen days. (Docket No. 10). More than fourteen days have passed and the plaintiff has not responded to the court's order.

In order for a federal court to have subject matter jurisdiction over a Title VII claim, the claimant must first unsuccessfully pursue administrative relief. *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir.1991) (citation omitted). In the Title VII context, administrative relief generally is pursued by a plaintiff filing a charge of discrimination with the EEOC and subsequently receiving a "notice of right to sue" letter before filing suit. Although the failure to receive a right-to-sue notice from the EEOC is a mere condition precedent that may be waived by the parties' or the court, *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (6th Cir. 2000), the failure to **file** a charge of discrimination with the EEOC is a jurisdictional defect that may not be waived by the court. *See Ang*, 932 F.2d at 545; *Reynolds v. Solectron Global Servs.,* 358 F. Supp.2d 689, 693 n.6 (W.D. Tenn. 2005).

Were this a situation where a plaintiff had pursued administrative relief and merely failed to allege that he had pursued administrative relief and/or failed to submit his right-to-sue notice, an amendment to the complaint to show that such relief was pursued prior to the filing of a complaint would be proper. Indeed, that precise reason is why the court ordered the plaintiff on two separate occasions to clarify whether he had pursued administrative relief prior to filing this action. However, the plaintiff has not alleged that he pursued such relief prior to filing this action even after having been specifically directed to do so by the court in two separate orders. Furthermore, in his complaint the plaintiff does not mention having filed a charge with the EEOC or the THRC. Under the circumstances, the court finds that the appropriate course of action is to dismiss the case without

prejudice for failure to exhaust administrative remedies.

Accordingly, this action is hereby **DISMISSED WITHOUT PREJUDICE.**

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge